**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ACTION DIAMOND PRODUCTS,
LLC, *et al*.,

      *Plaintiffs*,

v.

ACTION DIAMOND SUPPLY, LLC,
*et al*.,

      *Defendants*.

:
:
:
:
:
:
:
:
:
:
:
:

Case No. 1:25-cv-179

Judge Jeffery P. Hopkins

---

**ORDER**

---

Plaintiffs Action Diamond Products LLC, David Baker, and Melissa Baker (collectively, "Plaintiffs") bring this civil action against Defendants Action Diamond Supply LLC, James Michell Acton,[1] and Ivy Acton (collectively, "Defendants") based on events arising out of a business relationship gone sour between the parties. Pending before the Court is Defendants' motion to dismiss (Doc. 5) and Plaintiffs' motion for leave to file an amended complaint (Doc. 11). For the reasons set forth below, Plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**, and Defendants' motion is **DENIED** as moot.

### I.    BACKGROUND

The following allegations are derived from Plaintiff's original complaint. *See* Compl., Doc. 2. Plaintiffs David and Melissa Baker were longtime customers of Defendant Action Diamond Supply, LLC ("ADS"), formerly known as Dixie Diamond Manufacturing ("DDM"), when they became acquainted with ADS's owners, Defendants James Michell

---

[1] Defendants indicate that Plaintiffs mistakenly refer to James *Michell* Acton as James *Mitchell* Acton. Doc. 5, PageID 50 n.1. The Court will therefore refer to him as James Michell Acton.

Acton ("Mitch") and Ivy Acton. *Id.* ¶¶ 2–3. In April 2020, Defendants approached Plaintiffs to propose a business partnership. *Id.* ¶ 4. On May 1, 2020, the parties executed an Operating Agreement (the "Agreement"). *Id.* ¶ 8. In the Agreement, Defendants agreed to pay Plaintiffs either ten percent of ADS's yearly profits or $30,000.00 annually, whichever was greater. *Id.* ¶ 9. In exchange, Plaintiffs agreed to loan money to ADS at a five-percent interest rate. *Id.* ¶ 10. The parties agreed ADS would also maintain storage in Hamilton, Ohio. *Id.* ¶ 11.

In April 2023, the parties allegedly modified the Agreement. Plaintiffs assert that Defendants agreed to pay monthly principal installments and hand over ADS's book of business to Plaintiffs. *Id.* ¶ 12. Plaintiffs would run the business as Action Diamond Products, LLC ("ADP"). *Id.* As a result, Plaintiffs also paid several large loans for ADS. *Id.* ¶ 13. Though Defendants have made some payments toward those loan obligations, Plaintiffs allege that there are still remaining loan balances in amounts of: $18,864.16, $190,132.00, and $175,848.50, for a total balance of $384,844.66, plus five-percent interest. *Id.* ¶¶ 13–14.

In June 2024, Mitch began to make monthly interest payments of $1,000.00. *Id.* ¶ 15. He also agreed to continue to sell the inventory of ADP. *Id.* ¶ 16. But on June 4, 2024, Plaintiffs discovered that Mitch had been redirecting payments to ADP back to ADS. *Id.* ¶ 17. To make matters worse, Mitch informed Plaintiffs that some of the inventory had been lost in an accident. *Id.* ¶ 18. In total, Plaintiffs estimate that they advanced payments and expenditures of more than $437,000.00 from April 2023 through 2024. *Id.* ¶ 19.

These allegations form the basis of the claims set forth in Plaintiffs' complaint. Those claims are as follows: (1) declaratory judgment, (2) breach of contract, (3) quantum meruit/unjust enrichment, (4) replevin, (5) conversion, (6) fraud, (7) theft, and (8) punitive or exemplary damages. Compl., Doc. 2, ¶¶ 23–57. Defendants are before the Court seeking to

dismiss all of Plaintiffs' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 5. Plaintiffs have opposed Defendants' motion and, in direct response to the motion, separately moved for leave to file an amended complaint. Docs. 10, 11, 11-1. Defendants oppose amendment due to allege procedural deficiencies and futility of amendment. Doc. 13. Both parties have filed respective replies (Docs. 12, 14), so these matters are ripe.

## II.     LAW AND ANALYSIS

Plaintiffs seek leave to file an amended complaint to clarify Plaintiffs' allegations and in response to issues raised in Defendants' motion to dismiss. Doc. 11, PageID 127. Plaintiffs also appear to assert two new claims in the proposed amended complaint. *See* Doc. 11-1.

Rule 15 permits a party to "amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). On March 27, 2025, Defendants filed a motion to dismiss. Doc. 5. By rule, Plaintiffs were permitted to amend the complaint once as a matter of course within 21 days. Rather than filing an amended complaint pursuant to Rule 15(a)(1)(B), Plaintiffs opposed Defendants' motion to dismiss and filed a motion for leave to file an amended complaint on April 17, 2025—or, 21 days later. Doc. 11. Plaintiffs expressly invoked Rule 15(a)(2) in that motion. Doc. 11, PageID 127. Under these facts, although Plaintiffs could have amended as of right under Rule 15(a)(1)(B) on or before April 17, 2025, the Court finds that Plaintiffs forfeited the right to amend as a matter of course by first opposing Defendants' motion to dismiss and then filing a motion seeking leave to amend relying on Rule 15(a)(2). *See Glazer*, 704 F.3d 453, 458 (6th Cir. 2013); *McAfee v. DataX, Ltd.*, 812 F. Supp. 3d 792, 797 (S.D. Ohio 2025) (finding the

plaintiff forfeited right to amend as a matter of course under similar circumstances). Accordingly, the Court will entertain Plaintiffs' motion under Rule 15(a)(2).

Under that rule, when a party is not permitted to amend as a matter of course, that party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) embodies "a liberal amendment policy," *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)), meaning that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is within the court's discretion to deny leave to amend where there is evidence of undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Defendants endeavor to prevent amendment, in part, as a result of procedural deficiencies. Doc. 13, PageID 154–55. But Rule 15(a)(2) "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Additionally, although Defendants also assert that amendment would be futile as to certain claims, Defendants concede that they "cannot reasonably determine whether the amendment should be granted," presumably as a result of the supposed deficiencies—*i.e.*, Plaintiffs' failure to attach the exhibits upon which their proposed amended complaint is based. Doc. 13, PageID 155. Plaintiffs, however, clarify in their reply that the exhibits that were referenced were attached to the original complaint and would be attached to the amended complaint if leave were granted. Doc. 14, PageID 169 n.1. Here, too, the Court recognizes that Plaintiffs' request to amend is timely. Because no case schedule has been set, good cause need not be shown under Rule 16(b)(4). Fed. R. Civ. P. 16(b)(4) ("A

schedule may be modified only for good cause and with the judge's consent."). *See also Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).").

Accordingly, based on all these circumstances and consistent with the Sixth Circuit's instruction that there shall be "liberality in allowing amendments to a complaint," *Moore*, 790 F.2d at 562, the Court finds that leave to amend should be granted—save for two of Plaintiffs' claims that clearly are futile and cannot be saved by amendment: declaratory judgment (Count 1) and punitive or exemplary damages (Count 8).

In the declaratory judgment claim, Plaintiffs ask the Court to declare judgment in their favor and declare the Agreement between the parties enforceable and binding. Comp., Doc. 2, ¶¶ 23–26. But declaratory judgment is a remedy, not an independent claim. *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 587 (6th Cir. 2021) ("Injunctive relief is not a cause of action, it is a remedy.") (internal quotation marks and citation omitted); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 92 (6th Cir. 1997) (observing that declaratory judgment is "a form of relief, not a cause of action"), abrogated on other grounds by *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002). Additionally, "[d]eclaratory judgment is typically sought before an injury-in-fact has occurred." *Miami Valley Mobile Health Servs. v. ExamOne Worldwide Inc.,* 852 F. Supp. 2d 925, 938 (S.D. Ohio 2012) (citing *National Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997)). Thus, in a case like this one, where Plaintiffs' claims have ripened into a cause of action and the "validity and enforceability of the contract[] [has] already been placed at issue" by a breach of contract claim, declaratory relief is not appropriate because the "claim for damages is a better and more effective remedy." *Id. See also Jerome-Duncan, Inc. v. Auto-By-Tel,*

5

*LLC*, 176 F.3d 904, 908 (6th Cir. 1999) ("[I]t is clear in the present case that a declaratory judgment would be redundant with the relief already sought for breach of contract.").

Here, Plaintiffs have asserted a declaratory judgment claim in the original and proposed amended complaints predicated on the same allegations as the breach of contract claim set forth in both documents. In both the declaratory judgment and breach of contract claims, Plaintiffs allege that Defendants breached the Agreement by failing to make the agreed upon payments. *See* Compl., Doc. 2, ¶¶ 24–26, 28–30; Proposed Am. Compl., Doc. 11-1, ¶¶ 40–42, 44–46. Because the validity and enforceability of the Agreement has already been placed at issue in Plaintiffs' breach of contract claim, Plaintiffs' declaratory judgment claim is duplicative and must be dismissed. *Miami Valley*, 852 F. Supp. 2d at 938–39 (dismissing declaratory judgment claim because it was duplicative of breach of contract claim). Plaintiffs cannot overcome this hurdle by amendment; thus dismissal is with prejudice.

The same is true for Plaintiffs' claim for punitive or exemplary damages. Plaintiffs assert a standalone claim for punitive or exemplary damages in the original complaint and proposed amended complaint. Punitive damages, however, "are a potential remedy" that attaches to other substantive claims. *Gray v. Winton Woods City Sch.*, No. 1:23-cv-553, 2024 WL 2882645, at *6–7 (S.D. Ohio June 7, 2024). As a result, this claim must be dismissed with prejudice as the defect cannot be resolved through amendment. The Court recognizes, however, that dismissal of this as a standalone claim does not preclude Plaintiffs from pursuing, to the extent available, such relief under any surviving claims.

In sum, Plaintiffs shall be permitted to file an amended complaint subject to the limitations set forth in this Order in accordance with Rule 15(a)(2). Because "an amended

complaint [generally] moots pending motions to dismiss," *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021), Defendants' motion to dismiss is **DENIED** as moot.

### III.    CONCLUSION

For the reasons stated, Plaintiffs' motion for leave to file an amended complaint (Doc. 11) is **GRANTED IN PART** and **DENIED IN PART**, and Defendants' motion to dismiss (Doc. 5) is **DENIED** as moot. Plaintiffs' claims for declaratory judgment and punitive or exemplary damages are dismissed with prejudice. Plaintiffs are **ORDERED** to file the amended complaint within 7 days of the date of this Order.

**IT IS SO ORDERED.**

May 21, 2026

Jeffery P. Hopkins
United States District Judge